UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Quintin M. Littlejohn**, | C/A No. 6:07-0006-RBH-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| **R. Thomas**, Inmate in C-5, with all agents in active concert both individually and in their official capacity, | |
| Defendant. | |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Cherokee County Detention Center in Gaffney, South Carolina. Information provided by the plaintiff in his recently-filed habeas corpus action, Civil Action No. 6:06-3155-RBH-WMC, he has been charged with possession of crack cocaine.

The plaintiff is under an order of pre-filing review. *See* Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was

---

[1] The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in Quintin Littlejohn v. William J. Clinton, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order
(continued...)

1

confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Prior to his current incarceration, the plaintiff resided in Gaffney, South Carolina.[2]

In the above-captioned case, the plaintiff has brought suit against R. Thomas, another inmate at the Cherokee County Detention Center.[3] It appears that the plaintiff believes that inmate Thomas should provide him access to a law library under the holding in Bounds v. Smith, 430 U.S. 817 (1977).

---

(...continued)
authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

[2]See pleadings in Quintin Littlejohn v. David Edwards Toyota; Mark Edwards; and All Agents in Active Concert, Civil Action No. 7:06-1012-RBH-WMC. This court may take judicial notice of Civil Action No. 7:06-1012-RBH-WMC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

[3]The plaintiff has also filed suit against another inmate at the Cherokee County Detention Center. See Complaint in Quintin Littlejohn v. NFN Parker, Sergeant; and Unknown Inmate, in C-10-C-unit of Cherokee County Detention Center, both individually and in their official capacity, Civil Action No. 6:07-0075-GRA-WMC.

When the above-captioned case was received, it was not in "proper form." Hence, in the order filed in this case on January 4, 2007, the undersigned directed the plaintiff to submit a Statement of Assets. The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

# *Discussion*

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996

---

[4]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

3

U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[5] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department

---

[5]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Inmate R. Thomas is subject to summary dismissal because he has not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999).  *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

5

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson

v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."  Brummett v. Camble, 946 F.2d 1178, 1184, 1991 U.S.App. LEXIS® 26889 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965, 119 L.Ed.2d 241, 112 S.Ct. 2323, 1992 U.S. LEXIS® 3384 (1992).[6]  *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388, 1985 U.S.App. LEXIS® 30764 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

---

[6] In this citation, there are variant spellings of the party known as Camble or Campbell.

The United States Court of Appeals for the Fourth Circuit has long held that a pre-trial detainee who has an attorney (or is offered counsel but waives this right) can claim no constitutional right of access to a law library or to legal materials in the underlying criminal prosecution. In <u>United States v. Chatman</u>, 584 F.2d 1358 (4th Cir. 1978), the Court held that <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), did not apply to a pre-trial detainee:

> We do not read <u>Bounds</u> to support that conclusion. <u>Bounds</u> was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief. . . . <u>Bounds</u>, of course, has no direct application to defendant. He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read <u>Bounds</u> to give an option to the *prisoner* as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that <u>Bounds</u> has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined. We so hold.

584 F.2d at 1360 (italics in original). Thus, having been offered assistance of counsel, the plaintiff has no constitutional right to law library access even if he should now choose to represent himself.

In <u>Lewis v. Casey</u>, 518 U.S. 343, 135 L.Ed.2d 606, 116 S.Ct. 2174, 1996 U.S. LEXIS® 4220 (1996), the Supreme Court specifically declared

8

that its holding in Bounds did not create an "abstract, free standing right to a law library." Even prior to the Lewis decision, the United States Court of Appeals for the Fourth Circuit ruled that the Constitution of the United States does not require every local jail even to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). The holding in Magee v. Waters is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" Magee v. Waters, 810 F.2d at 452. *See also* Cruz v. Hauck, 515 F.2d 322, 331-333 (5th Cir. 1975), *cert. denied*, Andrade v. Hauck, 424 U.S. 917 (1976). In Cruz v. Hauck, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added).

Moreover, the plaintiff has not alleged a specific injury from the absence of law books at the Cherokee County Detention Center. *See* Magee v. Waters, supra, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and Cruz v. Hauck, supra, 515 F.2d at 331-333 & nn. 16-18. In other words, a plaintiff must show an "actual injury"

9

resulting from the loss or absence of his or her legal materials.  *See* Peterkin v. Jeffes, 855 F.2d 1021, 1040-1041 & nn. 24-25, 1988 U.S. App. LEXIS® 11595 (3rd Cir. 1988); and Sands v. Lewis, 886 F.2d 1166, 1170-1171, 1989 U.S. App. LEXIS® 15046 (9th Cir. 1989)(collecting cases).[7]  The obligation to provide legal assistance to the plaintiff in his pending criminal case rests with the State of South Carolina, not with the Cherokee County Detention Center.

In the complaint, the plaintiff also refers to the Nelson case, which concerned the South Carolina Department of Corrections, *not* the Cherokee County Detention Center.  The so-called "Nelson" consent decree was entered in Plyler v. Leeke, Civil Action No. 3:82-876-2, in the mid-1980's.  *See* Plyler v. Leeke, 1986 WESTLAW® 84459 (D.S.C., March 26, 1986), *affirmed in part and dismissed in part*, Plyler v. Leeke, 804 F.2d 1251, 1986 U.S.App. LEXIS® 33517 (4th Cir., November 12, 1986)[Table].  The original representative for the class in Civil Action No. 3:82-876-2 was Gary Wayne Nelson.  Upon Mr. Nelson's release from the South Carolina Department of Corrections, Harry Plyler became the class representative.  Even so, Plyler

---

[7]*See also* Harrell v. Keohane, 621 F.2d 1059 (10th Cir. 1980), and Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978).

v. Evatt is often referred to as the Nelson suit.  *See also* Plyler v. Evatt, 846 F.2d 208, 1988 U.S.App. LEXIS® 5847 (4th Cir.), *cert. denied*, 488 U.S. 897, 102 L.Ed. 230, 109 S.Ct. 241, 1988 U.S. LEXIS® 4289 (1988).

The so-called "Nelson" consent decree was terminated on June 4, 1996, pursuant to the defendants' motion under the Prison Litigation Reform Act.  The termination of the consent decree was affirmed on November 14, 1996, by the United States Court of Appeals for the Fourth Circuit in Plyler v. Moore, 100 F.3d 365, 1996 U.S.App. LEXIS® 29572 (4th Cir. 1996), *cert. denied*, 520 U.S. 1277, 138 L.Ed. 217, 117 S.Ct. 2460, 1997 U.S. LEXIS® 3781 (1997).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the defendant has not acted under color of state law.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion

11

originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

January 25, 2007                s/William M. Catoe
Greenville, South Carolina      United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 10768
## Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).