IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | |
| | ) | C.A. No.: 6:07-0006-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| R. Thomas, Inmate in C-5, with all agents | ) | |
| in active concert both individually and in | ) | |
| their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff filed a document on February 14, 2007. However, the Court finds that this filing by the petitioner does not constitute proper objections to the Report and Recommendation. His document fails to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

2

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that this case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                               s/ R. Bryan Harwell
                                               R. Bryan Harwell
                                               United States District Judge

Florence, South Carolina
February 20, 2007